UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x
WALID ABDELWAHAB                                    Index Number: 17-CV-5708

                              Plaintiff,

                    -against-

                                                                            AMENDED COMPLAINT
                                                                            AND DEMAND FOR
CITY OF NEW YORK; and individually and in their         JURY TRIAL
official capacity as New York City Police Officers
FRANCISCO ROA (Tax No. 947406) and JOHN DOES 1-5

                              Defendants.
-----------------------------------------------------------------------x

        Plaintiff WALID ABDELWAHAB, by his attorney, the Urban Justice Center, complaining of Defendants, respectfully alleges as follows:

## PRELIMINARY STATEMENT

        1.     Plaintiff brings this action for compensatory damages, punitive damages, and attorneys' fees pursuant to 42 USC §§ 1983 and 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitution and laws of the United States and the State of New York.

        2.     This complaint alleges that the Defendant police officers unlawfully arrested Plaintiff, an immigrant from Egypt, while he was legally working as a street vendor selling food from a pushcart on Broadway between 78th Street and 79th Street on the Upper West Side of Manhattan. Defendants arrested Plaintiff without probable cause when Plaintiff moved aside a planter, which had been illegally placed on the sidewalk, in order to place his pushcart, where he had been vending for nine years. Defendants' actions resulted in physical injuries to Plaintiff's lower back, violations of his Constitutional rights, and damages for pain and suffering.

## JURISDICTION

3.  This action is brought pursuant to 42 USC §§ 1983 and 1988 of the Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution and the laws of the State of New York.

4.  Jurisdiction is founded upon 28 USC §§ 1331, 1343 and 2202.

## VENUE

5.  Venue is properly laid in the Southern District of New York under 28 USC § 1391(b) because the events giving rise to those claims occurred and arose in this district.

## JURY DEMAND

6.  Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed R. Civ. P. 38(b).

## PARTIES

7.  Plaintiff WALID ABDELWAHAB is a United States Citizen, resident of New York City, and a licensed New York City mobile food vendor.

8.  Defendant CITY OF NEW YORK is a municipal entity created and authorized under the laws of the State of New York.

9.  Defendants JOHN DOES 1-5 are sued in their individual and official capacity as New York City police officers and acted within the scope of their employment and under color of state law, to wit, under the color of the statutes, ordinances, regulations, policies, customs and usages of the State of New York and/or the City of New York.

## FACTUAL AND GENERAL ALLEGATIONS

10. For nine years, Plaintiff sold chicken and rice, hot dogs, and assorted beverages from his pushcart on Broadway between 78th and 79th Streets on the Upper West Side of Manhattan.

11. On or around November 24, 2016, large concrete planter boxes were placed on the sidewalk at the location where Plaintiff usually parked his vending pushcart, preventing Plaintiff from being able to work.

12. On November 26, 2016, around 7:00 AM, Plaintiff returned to his usual vending location, moved aside one of the planters, and placed his pushcart on the sidewalk.

13. Around 7:20 AM, three New York Police Department ("NYPD") police cars arrived to the scene, carrying six police officers. The officers spoke with Plaintiff and told him he could place his pushcart on the sidewalk, in the place of the planter boxes.

14. Around 8:30 AM, the Defendant police officers arrived and entered the New Wave Café on the same block as Plaintiff's pushcart. Defendants exited the diner after five to ten minutes, and immediately told Plaintiff to move his pushcart and put the planter back. Plaintiff refused, saying, "I need to work." Defendants then reprimanded Plaintiff for talking, saying, "only my tongue talks now."

15. Defendant police officer ROA then placed Plaintiff under arrest, handcuffed one of Plaintiff's hands and then kicked Plaintiff's lower left leg, spreading his legs, causing Plaintiff lower back pain. Defendant ROA then handcuffed Plaintiff's other hand and placed Plaintiff in their vehicle, causing Plaintiff pain in his lower back and shoulder.

16. Defendant ROA proceeded to remove Plaintiff's wallet and keys from his pockets. The police then hooked Plaintiff's pushcart to his van and drove it to the corner near 79th Street and Broadway.

17. After forty-five minutes, Defendants released Plaintiff from their vehicle and warned him to never return to the vending location.

18. Later that same day, Plaintiff was treated at NYU Lutheran Medical Center, in Brooklyn, for a laceration caused by the police handcuffs, and was given painkillers.

19. The following day, Plaintiff later called 9-1-1 to report this incident, and was transferred to internal affairs to file a complaint.

20. On December 6, 2016, Plaintiff went to Staten Island University Hospital – North due to lower back pain. Plaintiff was diagnosed with chronic back pain.

21. A few days later, Plaintiff went to the office of Nassef F. Hassan M.D. in Bay Ridge, Brooklyn, complaining of back pain. Dr. Hassan ordered an MRI.

22. On December 13, 2016, Plaintiff underwent an MRI at Bay Ridge Medical Imaging. Plaintiff was diagnosed with a L1/L2 Disc Bulge, slight herniation, and mild degenerative disc disease; L3/L4 small disc bulge; L4/L5 small herniation, stenosis, and mild degenerative disc disease; and L5/S1 minimal disc bulge.

23. On December 16, 2016, Plaintiff began treatment for his low back pain at Dr. Hassan's office, where Plaintiff was prescribed Tramadol, a pain medication, and physical therapy two to three times a week in Bay Ridge, NY.

24. Plaintiff made subsequent visits to Dr. Hassan every four weeks. Plaintiff was also later prescribed Diclofenac 75mg, a pain and inflammation medication, and Zenaflex 4mg, a

treatment for back spasms. Additionally, Plaintiff had been continuing physical therapy 2-3 times a week in Bay Ridge, NY.

25. Plaintiff stopped going to physical therapy in March 2017, but is planning on resuming due to the recurrence of his lower back pain.

26. Plaintiff has sustained and continues to sustain these injuries due to Defendants' unlawful actions as Plaintiff still has pain when lifting and moving heavy items, including his vending cart and other supplies.

27. Defendant police officers arrested Plaintiff without probable cause.

28. At the time of his arrest, Plaintiff was a licensed New York City mobile food vendor from a properly permitted cart, at a legal vending location.

29. Plaintiff was not in violation of any laws at the time of his arrest.

30. The Defendant officers knew or should have known that they had no right to arrest Plaintiff.

31. The arrest of Plaintiff was performed under color of law, within the scope of the Defendant Officers employment and authority, and for whose acts the Defendant City is liable under the theory of *respondeat superior*.

32. The actions of the individual Defendants were intentional, malicious, and in bad faith, thus giving rise to punitive damages.

## DAMAGES

33. As a direct and proximate cause of the said acts of Defendants, Plaintiff suffered the following injuries and damages:

    a. Violation of his rights under the Fourth, Fifth, Eighth and Fourteenth Amendment of the U.S. Constitution; and

   b.  economic damages including loss of property and loss of income.

   c.  compensatory damages for injuries resulting from his arrest and confinement.

## CAUSES OF ACTION

### COUNT I – 42 USC § 1983 – UNLAWFUL ARREST

34. Plaintiff repeats and re-alleges the allegations contained in the preceding paragraphs as if set forth in full.

35. Defendant Officers unlawfully arrested Plaintiff, intended to confine him, and confined him without probable cause to believe that Plaintiff had committed any offense or violated the law.

36. Plaintiff was aware of his confinement as he was locked in a police car for approximately forty-five minutes without his consent, reasonable justification, or probable cause.

### COUNT II – 42 USC § 1983 – EXCESSIVE FORCE

37. Plaintiff repeats and re-alleges the allegations contained in all preceding paragraphs as if set forth in full.

38. By their conduct, under color of law, Defendants violated Plaintiff's Fourth Amendment right to be free from the use of force that is unconstitutionally excessive.

39. The Defendant officers used excessive force when they unlawfully arrested Plaintiff by forcefully handcuffing his hands and kicking plaintiffs legs apart, causing Plaintiff an unreasonable amount of pain.

40. Plaintiff did not pose any immediate threat to the safety of the Defendant officers or anyone else present during the incident described above.

41. Plaintiff did not actively resist or attempt to evade the unlawful arrest by the Defendant officers.

COUNT III – 42 USC § 1983 – PROCEDURAL DUE PROCESS

42. Plaintiff repeats and re-alleges the allegations contained in the preceding paragraphs as if set forth in full.

43. By their conduct, under color of law, Defendants deprived Plaintiff of his property without due process of law.

COUNT IV – 42 USC § 1983 – SUBSTANTIVE DUE PROCESS

44. Plaintiff repeats and re-alleges the allegations contained in the preceding paragraphs as if set forth in full.

45. By their conduct, under color of law, Defendants denied Plaintiff his right to due process by depriving him of his property and arresting him for arbitrary or irrational reasons.

COUNT V – 42 USC § 1983 – MONELL CLAIM

46. Plaintiff repeats and re-alleges the allegations contained in the preceding paragraphs as if set forth in full.

47. New York City has maintained policies and customs exhibiting deliberate indifference to the constitutional rights of licensed street vendors selling at unrestricted locations, which caused the violation of Plaintiff's rights.

   a. Waleed Salama v. City of New York, et al. 13-CV-9006 (PKC) (S.D.N.Y.). The plaintiff in Salama was a licensed mobile food vendor who was lawfully vending in a legal location and in full compliance with all street vending regulations. NYPD officers, erroneously believing he was vending on a restricted street, arrested the plaintiff and charged him with resisting arrest and obstructing governmental administration as well as vending on a restricted street, charges which were all later dismissed.

   b. Abdelliah Mrigle and Adel Sayed v. City of New York, et al. 11-CV-4443 (GBD) (S.D.N.Y. 2011). The plaintiffs in this case were two mobile food vendors

7

who sold halal food on 28th Street and Broadway. In September and October, 2010, several NYPD officers, who failed to understand the vending regulations regarding minimum sidewalk width for the lawful placement of a pushcart, started a campaign of aggressive enforcement trying to shut down plaintiffs' food cart, despite the fact that plaintiffs' pushcart was on a sidewalk that met the minimum width requirements. As a result, one of the plaintiffs was arrested and charged with disorderly conduct. All charges and tickets written against the plaintiffs were dismissed.

c.     Eliana Jaramillo v. City of New York, et al. 10-CV-1197 (LTS) (S.D.N.Y.). The Jaramillo case was about a food vendor from Bolivia who had sold hot dogs in midtown Manhattan for twenty six years. In September 2009, two NYPD officers, due to their wrong understanding of the street vending regulations regarding minimum sidewalk width necessary for the lawful placement of a pushcart, issued the plaintiff two tickets and seized her pushcart and all of its contents despite the fact that plaintiffs' pushcart was on a sidewalk that met the minimum width requirements. The charges against the plaintiff were dismissed and she returned to her vending spot as a result of this proceeding.

d.     Marie-Rose Goba v. City of New York, et al. 14-CV-2522 (CM) (S.D.N.Y.). The plaintiff in Goba was a mobile food vendor from Côte d'Ivoire who sold sliced fruits in Manhattan. One day she was arrested for unlicensed food vending even after she provided her mobile food vending license to the arresting officer. The arresting officer, wrongfully believing that plaintiff's mobile food vending license was insufficient, seized her vending cart and entire contents which were never recovered. The charges against the plaintiff were dismissed.

e.     Yuhua Liu v. City of New York, et al. 14-CV-6951 (PAC) (S.D.N.Y.). The plaintiff in Liu was an artist who created and sold caricatures on the sidewalk near Times Square. In July, 2014, two police officers arrested plaintiff, claiming that his art sample was touching the sidewalk, apparently under the inaccurate belief that this is a violation of the street vending regulations. The charges against plaintiff were dismissed after a trial at the criminal court.

f.     Maria Cocoango v. City of New York, et al. 14-CV-2524 (PC) (S.D.N.Y.). The plaintiff in Cocoango was a mobile food vendor who sold Ecuadorian food in Queens. In March, 2014 she was arrested because a police officer, who had evidently not been trained on the new format of mobile food vending licenses, claimed she had a fraudulent mobile food vending license. However, the plaintiff had been a mobile food vendor for eight years and had renewed her vending license every two years at the City's licensing center, the only place that issues mobile food vending licenses.

48. It is the policy and custom of the City to train, supervise and discipline officers, including the Defendant officers, inadequately with respect to the rights of licensed street vendors selling at legal locations, thereby causing the Defendants in this case to engage in the unlawful conduct described above.

49. As a direct and proximate cause of the City's deliberate indifference, Defendants violated Plaintiff's constitutional rights for which he suffered damages.

Dated: New York, New York
October 12, 2017

Respectfully submitted,

_____
MATTHEW SHAPIRO, ESQ.
Urban Justice Center
*Attorneys for Plaintiff*
40 Rector Street, 9th Floor
New York, NY 10004
(646) 602-5679 phone
(212) 533-4598 fax

_____
SEAN BASINSKI, ESQ.
Urban Justice Center
*Attorneys for Plaintiff*
40 Rector Street, 9th Floor
New York, NY 10004
(646) 602-5679 phone
(212) 533-4598 fax

48. It is the policy and custom of the City to train, supervise and discipline officers, including the Defendant officers, inadequately with respect to the rights of licensed street vendors selling at legal locations, thereby causing the Defendants in this case to engage in the unlawful conduct described above.

49. As a direct and proximate cause of the City's deliberate indifference, Defendants violated Plaintiff's constitutional rights for which he suffered damages.

Dated:   New York, New York
         October 12, 2017

Respectfully submitted,

_____
MATTHEW SHAPIRO, ESQ.
Urban Justice Center
*Attorneys for Plaintiff*
40 Rector Street, 9th Floor
New York, NY 10004
(646) 602-5679 phone
(212) 533-4598 fax

_____
SEAN BASINSKI, ESQ.
Urban Justice Center
*Attorneys for Plaintiff*
40 Rector Street, 9th Floor
New York, NY 10004
(646) 602-5679 phone
(212) 533-4598 fax